FILED

2020 JUN 30 PM 2:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES VANAKEN, on his own behalf, and
on behalf of all others similarly situated,

        Plaintiff,

v.

CASE NO.: 8:20-cv-1490-T-60TGW

GLOBAL SPEC SECURITY GROUP, LLC,
A Florida Limited Liability Company,
JOSEPH JOHNSON, individually, and
YUSUF JOHNSON, individually,

        Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JAMES VANAKEN on his own behalf, and on behalf of all others similarly situated, by and through the undersigned attorney, sues the Defendants GLOBAL SPEC SECURITY GROUP, LLC, JOSEPH JOHNSON, individually, and YUSUF JOHNSON, individually, (collectively "Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

### NATURE OF CASE

1.     Defendants, GLOBAL SPEC SECURITY GROUP LLC, JOSEPH JOHNSON individually and YUSUF JOHNSON, individually (hereinafter "Defendants") is a security company with its core business of uniformed security personnel in gated communities, high rise condominiums, office complexes, and commercial properties with offices in Tampa, FL.

2.     Plaintiff was employed by Defendant's as a "Security Officer" and was never paid for the overtime to which he was lawfully entitled.

Pd $400.00  6/30/2020
TPA0612LP

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants.

4. Defendants violated the FLSA by failing to pay Plaintiff overtime wages based on his regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

5. Defendant GLOBAL SPEC SECURITY GROUP, LLC, is a Florida Limited Liability Company. Defendant Joseph Johnson is the president and owner of GLOBAL SPEC SECURITY GROUP, LLC, and Yusuf Johnson is the vice president and owner of GLOBAL SECURITY GROUP, LLC. The aforementioned Defendants operate and conduct business in, among others, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

6. Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendants, to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

7. This action is brought under Federal law to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

9. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Hillsborough County, Florida.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendants at 3750 Gunn Hwy, Tampa, FL 33618.

11. At all material times during the last three years, Defendants were an enterprise subject to the FLSA's provisions requiring overtime compensation.

12. At all material times, Plaintiff and others working for Defendants were "employees" of Defendant within the meaning of the FLSA.

13. At all material times, Defendants were an "employer" within the meaning of the FLSA and Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all material times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Defendants' employees handled goods such as computers, software, keys and paper, which had traveled in interstate commerce.

16. At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

17. Defendants are a security company with its core business of uniformed security personnel in gated communities, high rise condominiums, office complexes, and commercial properties.

18. Plaintiff was a Security Officer in gated communities and/or high rise condominiums.

19. By Plaintiff's estimates, he routinely worked 55 hours or more in a work week.

20. During his employment with Defendants, Plaintiff performed non-exempt job duties. Pursuant to the FLSA, Defendants were required to pay plaintiff overtime pay for those hours worked over 40 in a work week.

21. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

22. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## FIRST CAUSE OF ACTION
## **RECOVERY OF OVERTIME COMPENSATION**

24. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-23 above.

25. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

27. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty hours (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

28. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

29. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

30. Defendants failed to post required FLSA informational listings as required by the FLSA.

31. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

32. Defendants willfully violated the FLSA.

33. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

### SECOND CAUSE OF ACTION
### COLLECTIVE ACTION, VIOLATION OF THE FLSA
### (RECOVERY OF OVERTIME COMPENSATION)

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

35. At all times material, Defendants employed numerous other non-exempt employees who worked as "Uniformed Security Guards" and who worked a substantial number of hours in excess of forty (40) per week.

36. Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

37. Defendants failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in a work week, in violation of the FLSA.

38.     Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

39.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff on behalf of himself and others similarly situated, demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of June, 2020.

                          */s/Brianna A. Jordan*
                          **BRIANNA A. JORDAN**
                          Florida Bar Number: 1000982
                          **Morgan & Morgan, P.A.**
                          201 N. Franklin Street, Suite 700
                          Tampa, Florida 33602
                          Direct No. 813-393-5457
                          E-mail: bjordan@forthepeople.com
                          *Attorney for Plaintiff*